NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DISCOUNT TIRE CO INC, *Petitioner Employer*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA LABOR
DEPARTMENT, *Respondent*.

No. 1 CA-IC 21-0026
FILED 3-1-2022

Special Action - Industrial Commission Labor Department
Nos. CL-1819-0441
CL-1920-0502
The Honorable Jonathan Hauer, Administrative Law Judge

**ORDER AFFIRMED**

COUNSEL

Littler Mendelson PC, Phoenix
By Steven G. Biddle, Yijee Jeong
*Counsel for Petitioner Employer*

Industrial Commission of Arizona, Phoenix
By Stacey Rogan
*Counsel for Respondent*

Industrial Commission of Arizona, Arizona Labor Department, Phoenix
By Afshan Peimani
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1        This case presents an issue of statutory construction: are the in-ground hydraulic lifts used to raise a car, so that tires can be removed and replaced, "power-driven hoists" within the meaning of A.R.S. § 23-231(A)(7)? If so, this provision would prohibit employees under 18 years of age from working around those machines. Based on the clear statutory definition, we answer yes and affirm the decision of the Industrial Commission of Arizona (ICA) ordering Discount Tire to cease employing persons under the age of 18 to work around its hydraulic lifts.

## BACKGROUND

¶2        Petitioner Discount Tire Co., Inc. (Discount Tire) employed two 17-year-olds who worked in the bays where in-ground hydraulic lifts were used to raise cars off the ground to service and replace their tires. In the course of their employment, both 17-year-old employees were injured in separate incidents. Both employees filed claims for worker's compensation benefits.

¶3        After a brief investigation of the minors' workspaces, the ICA Labor Department (Department) issued Cease and Desist Orders prohibiting minors from working in and around the hydraulic lifts and assessed a civil penalty of $100.00. The Department determined Discount Tire violated § 23-231(A)(7), which prohibits employing or allowing persons under 18 years of age "to work in, about or in connection with . . . [o]ccupations involving the operation or assistance in the operation of a power-driven hoist with a capacity exceeding one ton." A "power-driven hoist" is defined as "an apparatus for raising or lowering a load by the application of a pulling or pushing force including a crane, derrick or forklift." A.R.S. § 23-230(13).

¶4        Discount Tire requested a hearing. In place of an evidentiary hearing, the parties stipulated to the following pertinent facts: (1) the two injured employees began working at Discount Tire when each was 17 years

old; (2) both employees used "in-ground low rise lifts" to change and repair tires; (3) "Discount Tire stores do not have any hoists, power-driven or otherwise, that hang down from the ceiling or from any overhead apparatus;" (4) the Department's investigator reported that "she observed 'a power driven hoist, housed flat in the garage floor,' referring to a photograph showing a[n in-ground hydraulic lift]" used to lift vehicles but "that neither of the employees' injuries were 'related to prohibited equipment.'"

¶5            Discount Tire argued the hydraulic in-ground lifts used do not fall within the statutory definition of a "power-driven hoist" because they do not lift from above like a crane or traditional hoist. However, because the definition includes mechanisms that lift by pushing, not just ones that do so by pulling, the administrative law judge concluded that Discount Tire's in-ground hydraulic lifts fall within the statutory definition and affirmed the Cease and Desist Order along with the civil penalty.

## DISCUSSION

¶6            On appeal, Discount Tire repeats its argument, urging that its in-ground lifts are not hoists because they do not "lift by using any overhead force, such as through a crane, derrick, or forklift." We, too, reject that argument.

¶7            In its opening brief, Discount Tire correctly recites the applicable rules of statutory construction:

> [Courts] interpret statutes to give effect to the legislature's intent, looking first to the statutory language itself. When the language is clear and unambiguous, and thus subject to only one reasonable meaning, [courts] apply the language without using other means of statutory construction. If, however, the language is ambiguous, [courts] consider the statute's context; its . . . subject matter, and historical background; its effects and consequences; and its spirit and purpose.

*Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 383, ¶ 8 (2013) (citations and internal quotation marks omitted). We review questions of statutory interpretation, such as this, de novo. *Special Fund Div. v. Indus. Comm'n of Ariz.*, 232 Ariz. 110, 112, ¶ 10 (App. 2013).

¶8            Section 23-230(13) defines a power-driven hoist as "an apparatus for raising or lowering a load by the application of a pulling or pushing force" and specifies that this type of apparatus "includ[es] a crane,

derrick or forklift." The plain meaning of pushing is the application of a force in a direction away from the source of the force. Since a machine that applies a pushing force to raise a load necessarily lifts the load from below, a lift that uses hydraulic pressure to raise a vehicle from its tires or undercarriage clearly falls within the statutory definition of a power-driven hoist.

¶9      Discount Tire does not attempt to argue that the statutory definition is ambiguous. Instead, it assumes ambiguity and engages in secondary statutory interpretation by referencing other sources, including the dictionary and the definition used by other departments such as the U.S. Department of Labor, to overcome what it perceives as ambiguity in the definition of "power-driven hoists." Because we find Arizona's definition of "power-driven hoist" to be clear, at least concerning the in-ground lifts at issue, we have no need to consult sources other than the language of the statute.

¶10      Discount Tire also implies that the inclusion of cranes, derricks, and forklifts means the statutory definition only include machines that lift from above. We disagree. First, the word "includes" is "most often a term of enlargement, rather than limitation, and a court may find that it encompasses items that were not specifically enumerated." *Tracy v. Superior Ct. of Maricopa Cnty.*, 168 Ariz. 23, 35 (1991). Second, the definition of "power-driven hoists" includes machines that *push*, and, as explained above, a machine can only raise or lower a load using a pushing force from below. So, Discount Tire's sole argument that the definition applies only to devices that lift from above and does not include devices that push from below is built on an erroneous foundation.

**CONCLUSION**

¶11      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4